**Geoffrey M. Ezgar (SBN 184243)**
**gezgar@sidley.com**
**Robert B. Martin III (SBN 235489)**
**rbmartin@sidley.com**
**SIDLEY AUSTIN LLP**
**555 California Street, Suite 2000**
**San Francisco, California 94104**
**Telephone:        (415) 772-1200**
**Facsimile:         (415) 772-7400**

**Michael C. Kelley (SBN 090062)**
**mkelley@sidley.com**
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, 40th Floor**
**Los Angeles, California 90013**
**Telephone:        (213) 896-6000**
**Facsimile:         (213) 896-6600**

**Attorneys For Non-Party KPMG LLP**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No. CR 06-00556 CRB |
| | ) |
| Plaintiff, | ) **STIPULATED [~~PROPOSED~~]** |
| | ) **PROTECTIVE ORDER REGARDING** |
| v. | ) **CONFIDENTIALITY** |
| | ) |
| | ) |
| GREGORY L. REYES and STEPHANIE | ) |
| JENSEN | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

In order to protect the confidentiality of confidential or sensitive personal or business information subpoenaed by defendant Gregory L. Reyes, KPMG LLP ("KPMG"), the United States of America, Mr. Reyes, and Stephanie Jensen, by their respective counsel, hereby agree as follows:

1.     KPMG may designate as "CONFIDENTIAL" (by so stamping the relevant page or as otherwise set forth herein) the whole or any part of any document or material which it considers in good faith to contain "Confidential Information." "Confidential Information" means commercially sensitive business information or data which is not publicly known and cannot readily be ascertained from an inspection of publicly available documents, materials, or devices. This may include trade secrets, know-how, proprietary data, sensitive business or financial information, employment, compensation, marketing, contract, or negotiated information, or other similarly sensitive information. "Confidential information" also includes any confidential personal information that is protected by a right of privacy under applicable law. In addition, KPMG may designate as "HIGHLY CONFIDENTIAL" (by so stamping the relevant page or as otherwise set forth herein) the whole or any part of any document or material which it considers in good faith to constitute or contain Confidential Information, and which KPMG believes in good faith the disclosure of which to anyone other than the individuals and/or entities listed in Paragraph 4(b) below could result in economic or competitive injury to KPMG. Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2.     All information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and produced by KPMG in the course of this case (other than information that is publicly available) shall be used solely for the purpose of this case.

3.

    a.     Except with the prior written consent of KPMG, or upon prior order of this Court obtained upon notice to KPMG, any information designated as CONFIDENTIAL pursuant to the terms of this Order shall not be disclosed to any person other than:

(i)     counsel for the respective parties to this litigation and those who have agreed to be bound by the terms of this Order, including defendants' counsel and counsel for the United States of America;

(ii)    employees of such counsel;

(iii)   individual defendants, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(iv)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order (which shall be retained by counsel to the party so disclosing the information designated as CONFIDENTIAL and made available for inspection during the pendency or after the termination of the action upon good cause shown and upon order of the Court) before being shown or given any information designated as CONFIDENTIAL and provided that if the party chooses a consultant or expert currently employed or employed within the last two (2) years by one of KPMG's competitors, the party shall notify KPMG before disclosing any information designated as CONFIDENTIAL to that individual and shall give KPMG an opportunity to move for a protective order preventing or limiting such disclosure; KPMG will maintain as confidential any disclosures made pursuant to this subsection;

(v)     any authors or recipients of the information designated as CONFIDENTIAL;

(vi)    the Court, Court personnel, court reporters, or members of the jury in this case;

(vii)   witnesses, at deposition and/or trial, only to the extent necessary to give their testimony.  Witnesses shall not be allowed to retain copies of the information designated CONFIDENTIAL (or, if it is made available under this Order, HIGHLY CONFIDENTIAL); and

(viii)  any other person whom the person designating the material as CONFIDENTIAL (or, if it is made available under this Order, HIGHLY CONFIDENTIAL) determines can review such information.

b.    Except with the prior written consent of KPMG, or upon prior order of this Court obtained upon notice to KPMG, any information designated as HIGHLY CONFIDENTIAL pursuant to the terms of this Order shall not be disclosed to any person other than:

(i)    counsel for the respective parties to this litigation and those who have agreed to be bound by the terms of this Order, including defendants' counsel and counsel for the United States of America;

(ii)    employees of such counsel;

(iii)    individual defendants, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(iv)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order (which shall be retained by counsel to the party so disclosing the information designated as HIGHLY CONFIDENTIAL and made available for inspection during the pendency or after the termination of the action upon good cause shown and upon order of the Court) before being shown or given any information designated as HIGHLY CONFIDENTIAL and provided that if the party chooses a consultant or expert currently employed or employed within the last two (2) years by one of KPMG's competitors, the party shall notify KPMG before disclosing any information designated as HIGHLY CONFIDENTIAL to that individual and shall give KPMG an opportunity to move for a protective order preventing or limiting such disclosure; KPMG will maintain as confidential any disclosures made pursuant to this subsection;

(v)    any authors or recipients of the information designated as HIGHLY CONFIDENTIAL;

(vi)    the Court, Court personnel, court reporters, or members of the jury in this case; and

(vii)    any other person whom the person designating the material as HIGHLY CONFIDENTIAL determines can review such information.

3.5    A party may disclose information that has been designated as HIGHLY CONFIDENTIAL to a witness (other than those identified in section 4(b) above), or display

3

information that has been designated as HIGHLY CONFIDENTIAL on a monitor, screen, or other audio-visual equipment visible to the public courtroom gallery, only according to the order of the Court made in this case on June 20, 2007.

4.     Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein or as otherwise required by law.

5.     For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court, in sealed envelopes or other appropriate sealed containers.  On the outside of the envelopes, a copy of the first page of the document shall be attached.  If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy.  The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to order of the Court, contains
> Confidential Information and is not to be opened or the contents
> revealed, except by Order of the Court or agreement by the parties.

In the event that the Clerk's Office refuses to accept a document filed under seal, the filing party shall, not later than the next business day, file a notice indicating which documents the party attempted to file.  The filing party shall also serve a copy of the rejected filing by overnight mail on KPMG.  If KPMG wishes to contest the public filing of the document, it must file a motion to that effect within five (5) business days of the initial filing date.  If no motion is received, the filing party may file the document publicly within seven (7) business days of the initial filing.  If a motion is filed to permit the filing to be made under seal, the filing party may not file the document with the confidential material included therein until the motion is resolved.  This procedure shall not affect any Court order or other rule regarding the scheduling for future filings. All requests to file any material under seal must also comport with N.D. Cal. Civ. L.R. 79-5.

6. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to KPMG. KPMG shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as Confidential Information.

7. Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) KPMG withdraws such designation in writing; or

(b) KPMG fails to apply to the Court for an order designating the material as Confidential Information within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not Confidential Information.

8. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation and upon written notice provided by KPMG, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence and transcripts, shall either (a) return such documents to counsel for the party or non-party who provided such information no later than thirty (30) days after a request by such counsel, or (b) destroy such documents within ninety (90) days following the conclusion of this action and all appeals and certify in writing within thirty (30) days following destruction that the documents have been destroyed.

9. If Confidential Information is inadvertently produced without marking it CONFIDENTIAL or HIGHLY CONFIDENTIAL, it may be disclosed to others until the receiving party becomes aware of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as though it had been timely designated under this Order, and the receiving party must endeavor in good faith to obtain all copies of the documents that

it distributed or disclosed to persons not authorized by paragraph 4 herein, as well as any copies made by such persons.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11. This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

| Dated:  July 5, 2007 | Respectfully submitted, SIDLEY AUSTIN LLP |
| | By:  /s/ Geoffrey M. Ezgar |
| | Geoffrey M. Ezgar<br>Attorneys For Non-Party KPMG LLP |
| Dated:  July 5, 2007 | UNITED STATES OF AMERICA |
| | By:  /s/ Timothy P. Crudo |
| | Timothy P. Crudo, Assistant U.S. Attorney |
| Dated:  July 5, 2007 | MUNGER, TOLLES & OLSON LLP |
| | By:  /s/ Jerome C. Roth |
| | Jerome C. Roth<br>Attorneys For Defendant Gregory L. Reyes |
| Dated:  July 5, 2007 | KEKER & VAN NEST LLP |
| | By:  /s/ Jan Nielsen Little |
| | Jan Nielsen Little<br>Attorneys For Defendant Stephanie Jensen |

KPMG LLP'S STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY
CASE NO. CR 06-00556 CRB

**THE FOREGOING STIPULATION IS APPROVED
AND IS SO ORDERED.**


Dated: _____ July 6 _____, 2007

The Honora~~~~
United States ~~~~

KPMG LLP'S STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY
CASE NO. CR 06-00556 CRB

# APPENDIX A

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding Confidentiality dated _____ in *Securities & Exchange Commission v. Gregory L. Reyes, et. al.*, C 06-04435 CRB (N.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Confidentiality Order.

SIGNATURE: _____

DATED: _____

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Scheduling Order.  In compliance with General Order 45.X.B., I hereby attest that the other signatories have concurred in this filing.

Dated:  July 5, 2007                    SIDLEY AUSTIN LLP


By:  /s/ Geoffrey M. Ezgar
     Geoffrey M. Ezgar
     SIDLEY & AUSTIN LLP
     555 California Street, Suite 2000
     San Francisco, CA  94104-1715
     Telephone:  415-772-1200
     Facsimile:   415-772-7400

     Attorneys For Non-Party KPMG LLP