# EXHIBIT 3



Brocade
1745 Technology Dr., San Jose, CA 95110
T. 408.333.8000   F. 408.333.8101
www.brocade.com

October 8, 2007

**CONFIDENTIAL TREATMENT REQUESTED**

The United States Attorneys Office
Attention: Nancy Woods
450 Golden Gate Avenue, Floor 11
San Francisco, CA 94102-3495

RE: **United States v. Gregory L. Reyes**
      **Case No.: 2005R00229 and Court Docket CR060556**

Dear Ms. Woods:

I am writing on behalf of Brocade Communications Systems, Inc.'s ("Brocade") in response to your letter dated September 17, 2007. After reviewing the form Victim Impact Statement attached to your letter, we concluded that, in responding to your request, it would be more appropriate for Brocade to provide you with relevant information in a letter rather than by filling out the form.

The purpose of this letter is to provide your office and the Court with information regarding certain costs and expenses that Brocade has incurred as a result of the matters arising from the Company's historical stock option practices, many of which were the focus of the government's prosecution of Gregory L. Reyes. The Company, in preparing this information for you, made reasonable efforts to ensure its accuracy. However, the costs and expenses discussed below are based on information provided to us by the independent firms that rendered the services, and we did not audit this information. Those costs and expenses fall into the following core categories:

**Costs related to internal investigations of the Company's historical stock option practices.** As the government is aware, Brocade completed two internal investigations in 2005, both of which led to restatements of the Company's financial statements.

Brocade's Audit Committee and its advisors initiated an initial investigation, into alleged stock option grant improprieties in November 2004 which was the subject matter related to the criminal trial (the "First Investigation"). The First Investigation was completed in January 2005,

Nancy Woods  **CONFIDENTIAL TREATMENT REQUESTED**
Page Two

Brocade's Audit Committee and its advisors initiated a second investigation in May 2005 (the "Second Investigation"). As a result of the Second Investigation, Brocade concluded that it had incorrectly accounted for stock-based compensation related to: (1) measurement date issues for the period August 2003 to November 2004; (2) employees on leave of absence or in transitional roles prior to leaving the company primarily in the fiscal 1999 through 2001 period; and (3) recorded dates for certain stock option exercises. As a consequence, on November 14, 2005, Brocade restated its financial statements for fiscal years ending 2002 through 2004.

As a result of the aforementioned efforts, the Company incurred expenses from the advisors retained by the Audit Committee to conduct the investigations (Morrison & Foerster LLP, PricewaterhouseCoopers, and Applied Discovery, Inc.) and to the Company's regular outside counsel (Wilson Sonsini Goodrich & Rosati LLP) and independent auditors (KPMG LLP). Those fees and costs totaled approximately $3,694,433 for the First Investigation and $4,881,774 for the Second Investigation.

**Costs related to United States Securities & Exchange Commission investigation, related lawsuits, and settlement.** The Company announced on May 16, 2005, that the staff of the SEC had commenced an investigation into its stock option practices. On May 31, 2007, the Company announced that the SEC Commissioners authorized the final settlement between the Company and the SEC regarding the SEC's investigation. Pursuant to the terms of the final settlement, Brocade paid a civil penalty of $7 million. The settlement concluded the SEC's investigation of the matter, with respect to the Company.

In addition, Brocade incurred approximately $13,459,832 in legal fees and costs (Wilson Sonsini Goodrich & Rosati LLP and Morrison & Foerster LLP) in responding to the SEC investigation and related lawsuits (*SEC v. Brocade Communications, Inc.*; *SEC v. Reyes, et al.*).

**Costs related to the defense of civil litigation related to the Company's stock option practices.** A number of civil lawsuits have been initiated as a result of the various revelations related to Brocade's stock option problems. The Company is named as a nominal defendant in two separate but related derivative lawsuits purportedly filed on its behalf relating to the alleged backdating of option grants from 1999 to 2004. The first is *In re Brocade Communications Systems*, Case No. 05-CV-02233 CRB, and is currently pending in the United States District Court for the Northern District of California; and the second is *In re Brocade Communications Systems, Inc.*, Case No. 05 CV 041683, currently pending in the Superior Court of California, County of Santa Clara. Brocade is also a defendant in a related securities class action, *Smajlaj v. Brocade Communication Systems, Inc. et al.*, pending in the Northern District, Case No. 05-CV-02042 CRB. To date, Brocade, in defending itself in these actions, has incurred approximately $6,084,000 in legal fees and costs.

Further, Brocade is obligated pursuant to its by-laws as well as individual indemnification agreements to advance legal expenses to its current and former officers and directors, including Mr. Reyes, in certain circumstances. The Company has advanced significant legal fees (pursuant to undertakings signed by the former officers and directors obligating the repayment of the advances in certain circumstances) as a result of the above-referenced litigation and governmental investigations.

As a result of the Company's stock option practices during the period of 1999 to 2004, certain employees and officers exercised options at exercise prices below what they would have been if the exercise prices reflected the fair market value of the Company's stock on the "proper

Nancy Woods  
Page Three

**CONFIDENTIAL TREATMENT REQUESTED**

measurement" dates. For certain of those grants that were exercised it is not possible to determine the total amount of the difference between the fair market value and "proper measurement" date. Because the Company elected to utilize "variable" accounting rather than "fixed" accounting in restating its financial statements, the proper measurement dates for its historical grants were never determined.

We have attached a report detailing the information reflected above. If you or the Court require additional information related to expenses incurred, please contact me directly, with a copy to John Dwyer of Cooley Godward Kronish LLP, so that I may provide it to you in the most efficient and effective form possible. Similarly, we are available to discuss any of the matters referenced herein.

Finally, we request that the contents of this letter and enclosed documents, as required under 5 U.S.C § 552(b)(4), be maintained in confidence pursuant to FOIA, not be made part of any public record and not be disclosed to any person as they contain confidential information. If any person should request access or an opportunity to inspect or copy this letter or the enclosed documents, or if you contemplate the disclosure of this letter or the contents the enclosed documents to any other person, the Company requests that it be immediately notified of such, be furnished with a copy of all written materials pertaining to such request (including, but not limited to, the request itself) and be given at least ten business days advance notice of any intended release so that the Company may, if deemed necessary or appropriate, pursue any remedies available to it.

Very truly yours,

*/s/ Tyler Wall*

Tyler Wall  
Vice President & General Counsel  
Brocade Communications Systems, Inc.

TM:jm

cc: John C. Dwyer, Esq.  
     Grant P. Fondo, Esq.

Nancy Woods
Page Four

CONFIDENTIAL TREATMENT REQUESTED

## BROCADE COMMUNICATIONS, INC. SUMMARY OF COSTS

I. Costs related to the first internal investigation.

| | | |
|---|---|---|
| A. | Applied Discovery, Inc., | $ 290,759.76 |
| B. | KPMG LLP | $ 447,500.00[1] |
| C. | Morrison & Foerster LLP | $1,568,366.60 |
| D. | PricewaterhouseCoopers | $1,234,385.00 |
| E. | Wilson Sonsini Goodrich & Rosati LLP | $ 153,421.23 |
| **Total** | | $3,694,432.59 |

II. Costs related to the second internal investigation.

| | | |
|---|---|---|
| A. | Applied Discovery, Inc. | $ 461,375.04 |
| B. | KPMG LLP | $ 447,500.00 |
| C. | Morrison & Foerster LLP | $1,297,233.09 |
| D. | PricewaterhouseCoopers | $2,159,277.00 |
| E. | Wilson Sonsini Goodrich & Rosati LLP | $ 516,388.76 |
| **Total** | | $4,881,773.89 |

III. Costs related to United States Securities & Exchange Commission investigation, related lawsuits and settlement.

| | | |
|---|---|---|
| A. | Wilson Sonsini Goodrich & Rosati LLP | $12,864,545.08 |
| B. | Morrison & Foerster LLP | $ 595,287.07 |
| C. | SEC civil penalty | $ 7,000,000.00 |
| **Total** | | $20,459,832.15 |

---

[1] KPMG LLP's total fees and costs for both investigations and restatements was $895,000, which we equally allocated between the two investigations.

Nancy Woods  
Page Five

**CONFIDENTIAL TREATMENT REQUESTED**

IV. **Costs related to the defense of civil litigation related to the Company's stock option practices.**

| | | |
|---|---|---:|
| A. | Cooley Godward Kronish LLP | $1,106,228.85 |
| B. | Wilson Sonsini Goodrich & Rosati | $4,586,752.29 |
| C. | Other counsel | $ 391,394.00 |
| **Total** | | $6,084,375.14 |

**TOTAL**  $35,120,413.77