BRIAN J. STRETCH (CSBN 163973)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

ADAM A. REEVES (NYSB 2363877)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7157
    Facsimile: (415) 436-7234
    Adam.Reeves@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-0556 (CRB) |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Date: June 24, 2010<br>Time: 2:00 P.m.<br>Place: Courtroom #8 |
| GREGORY L. REYES, | |
| Defendant. | |

**INTRODUCTION**

Pursuant to Federal Rule of Criminal Procedure 32 and Criminal Local Rule 32-5, the United States respectfully submits this Sentencing Memorandum.

Applying the relevant sentencing guidelines to this case, the United States calculates that the correct offense level is 41, resulting in a sentencing range of 324-405 months.  This sentencing guideline calculation is based in large part on *new evidence* relating to loss to victim shareholders (and gain to the defendant) that was introduced during the February-March 2010 re-trial and this present sentencing hearing.  This new evidence was not part of the record during the initial June-July 2007 trial or January 2008 sentencing hearing.

While properly calculating the correct sentencing guideline is imperative, the United

States does not recommend a sentence for the defendant within the guideline range given the circumstances of this particular case. In this case, sentencing the defendant to a prison sentence within the guideline range would result in a significant disparity among sentences for defendants convicted of similar conduct. *See* 18 U.S.C. § 3553(a)(6).

As a consequence, the United States recommends that the Court reduce the total offense level by approximately half – from offense level 41 to offense level 19 – and sentence the defendant to a term of incarceration of 37 months, the high end the resulting range of 30-37 months. In 2008, the United States recommended the same offense level 19 and a 30-33 month period of incarceration. Document 800 at 25. Based on the new evidence proving loss, the government recommends a sentence at the high end of the guideline range (37 months); whereas in 2008, without evidence of loss, the government recommended a sentence at the low end of the same guideline range (30-33 months).

The United States further recommends that the Court impose the maximum fine amount of $33,000,000 and order restitution in the amount of $37,100,000, the approximate amount of the defendant's improper gain.

**ARGUMENT**

**1.   THE GUIDELINES CALCULATIONS.**

The Court has made detailed prior rulings with regard to the sentencing issues in this case. *See e.g.* Trial Record, January 16, 2008 (Sentencing Hearing) at 2-51. The Court has ruled that the base offense level is 7 pursuant to U.S.S.G. § 2B1.1(a)(2). Trial Record, January 16, 2008, at 4. The Court applied the enhancement for officers of public companies and added 4 levels pursuant to U.S.S.G. § 2B1.1(b)(17). Order re Sentencing Guidelines dated November 27, 2007 (Document 737) at 11. The Court found that the defendant was an organizer or leader of the scheme to defraud and added 4 levels pursuant to U.S.S.G. § 3B1.1(a). Document 737 at 11-12. And, the Court found that the defendant had obstructed the administration of justice in this case and imposed an additional 2 levels pursuant to U.S.S.G. § 3C1.1. Trial Record, January 16, 2008, at 5-10. The United States respects these prior rulings and has incorporated them into its guideline calculation.

For the reasons set forth in the our separate submissions, the United States submits that the new evidence relating to loss proved at trial and introduced in the sentencing hearing establishes that a reasonable and conservative estimate of the loss to victim shareholders was at least $6.3 million. *See generally* Document 1180 (Government's Memorandum in Support of its Position on Loss and Restitution) at 1-4 and Document 1185 (Government's Reply) at 5-6. If the loss exceeds $2,500,000, then there should be an 18 level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(J). Alternatively, if it decides the loss cannot be reasonably determined, the Court should use the $1.9 million gain the defendant received as a result of the backdating scheme as the loss figure pursuant to application note 3(B) of U.S.S.G. § 2B1.1 which would result in a 16 level enhancement. U.S.S.G. § 2B1.1(b)(1)(I). *See also* Document 1185 at 6.[1]

Based on the new evidence, the United States also submits that a reasonable and conservative estimate of the number of victims harmed by the defendant's scheme is 1,269. Document 1180 at Footnote 1. If there were more than 250 victims, then there would be a 6 level enhancement pursuant to U.S.S.G. § 2B1.1(2)(C).

## 2. 18 U.S.C. § 3553 FACTORS.

In the end, backdating options is a new spin on an old crime: accounting frauds by corporate executives to falsely inflate a public company's reported earnings.

Even so, the United States does not dispute that a guideline sentence of 324 months would create a disparity between this case and the sentences in the other options backdating cases. *See e.g.* Defendant's Sentencing Memorandum dated January 10, 2008 (Document 797) at 38-43 (surveying cases). Therefore, the United States submits that the Court should apply 18 U.S.C. § 3553(a)(6) and reduce the sentence in a manner that minimizes any such disparities. To accomplish this, the United States recommends that the defendant be sentenced at offense level

---

[1] The defendant's objection to this argument should be overruled. *Responding to* Document 1190. The government's alternative argument regarding gain is proper because, among other reasons, it is responsive to the defendant's earlier claim that neither loss nor gain could be reasonably estimated. *See* Document 1183 at 22 (Defendant's Response)("Because there remains no factual basis or analytical method to calculate loss or gain in a manner consistent with the Guidelines and applicable case law, Mr. Reyes requests that the Court again decline to apply an enhancement for loss or gain.").

United States' Sentencing Memorandum,
*United States v. Reyes*, CR 06-0556 (CRB)

19.  This is the same offense level the government recommended in 2008.

A sentence of 37 months, the high end of the sentencing range for offense level 19, would be a proper and reasonable punishment for this crime.  It would promote the relevant factors to be considered under 18 U.S.C. § 3553(a).  First, 37 months in prison would demonstrate that corporate fraud by a chief executive officer is *always* a serious offense that will result in serious punishment.  Second, only a multi-year prison sentence will adequately promote respect for the law and have a deterrent effect on other corporate executives tempted to undertake similar frauds.  *See also* Document 800 at 9-11 (United States' Sentencing Memorandum dated January 10, 2008 addressing respect for the law and deterrence).

During this case, the defendant has made misleading public statements that minimized the significance of his intentional falsification of corporate records.  *See e.g*. Exhibit 486 (Defendant's August 2, 2006 Press Release)(""Mr. Reyes did not backdate options....  There was no theft or larceny here, which is the historical underpinning of 'fraud.' ... In the end, the amount of the restatement relating to documentation irregularities (alleged backdating) was immaterial to the financial statements....  It looks as though the government charged Greg Reyes, not based on the facts or merits of this case, but on some perceived need to show quick action in response to the stock option issues being reported in the media.").  That was his right.  But in a highly-publicized case like this one, such statements have the effect of perpetuating misunderstanding about the obligations of executives at public companies and degrading the public's confidence in law enforcement and respect for the law.  A three-year prison sentence will have the beneficial effect of disabusing the public of the defendant's misinformation.

Finally, adding sixteen months to the defendant's prison sentence, from 21 months to 37 months, would not be vindictive because the new sentence would be based on new evidence establishing the loss to victim shareholders (*see e.g*. April 30,. 2010 Expert Report and May 21, 2010 Supplement Expert Report) and personal gain to the defendant (*see e.g*. Exhibits 403-00046; 453; and 460) that was not part of the record at the 2008 sentencing hearing.  *Texas v. McCullough*, 475 U.S. 134, 143 (1986)(increase in prison sentence from 20 years to 50 years following retrial for murder was not vindictive because the trial judge supported the new

United States' Sentencing Memorandum,
*United States v. Reyes*, CR 06-0556 (CRB)

sentence with specific findings based on two new witnesses who enhanced the strength of the state's case and detracted from the credibility of the defense). *See also United States v. Newman*, 6 F.3d 623, 630 (9th Cir. 1993)(no error to increase prison sentence from four months to six months after retrial for setting a forest fire where court included additional fire suppression costs that resulted in an increased loss amount)

### 3. THE FINE SHOULD BE $33,000,000.

The Court should impose the maximum fine of $33,000,000. The maximum fine is $5,000,000 each on Counts Six, Seven, Nine, Ten, Eleven and Twelve; and $1,000,000 each on Counts Two, Five and Eight. *See* Trial Record, January 16, 2008 (Sentencing Hearing), at 13:20-25. The only reason the Court did not impose the maximum fine in 2008 was because of the "possibility that there will be civil actions seeking reimbursement of nearly $90 million that has been incurred by Brocade." *Id*. At 14:9-14. The intervening settlement of the civil action between Brocade and the defendant has eliminated that possibility.

A fine of $33,000,000 would address the relevant factors set forth in U.S.S.G. § 5E1.2(d). First, a fine of $33,000,000 would re-enforce the seriousness of the offense and promote respect for the law. Second, given the defendant's vast wealth, a fine below the maximum amount would be too easy for him to pay and diminish the extent to which the fine could properly serve as punishment for this crime.

### 4. THE COURT SHOULD ORDER RESTITUTION OF $37,100,000.

Shareholder victims lost approximately $137,100,000 as a result of the defendant's fraud. Expert Report at 4 and 18. But, to be as conservative as possible, the Court should order restitution of $37,100,000, the amount that the defendant personally profited from his fraudulent scheme. Document 1180 at 4-5.

//

//

//

United States' Sentencing Memorandum,
*United States v. Reyes*, CR 06-0556 (CRB)

**CONCLUSION**

This was not a victimless crime. There was a loss. Document 1185 at 2. Shareholder victims were harmed. *Id*. Respectfully, the Court should clearly acknowledge these facts by properly enhancing its guideline calculation pursuant to U.S.S.G. § 2B1.1(b)(1)(J) and U.S.S.G. § 2B1.1(2)(C). Pursuant to 18 U.S.C. § 3553(a)(6), however, the Court should reduce its sentence to minimize disparities with other sentences for similar crimes and sentence the defendant to 37 months in prison, impose a fine of $33,000,000 and order restitution to shareholder victims of $37,100,000.

DATED: June 17, 2010

BRIAN J. STRETCH
Attorney for the United States
Acting Under Authority Conferred
by 28 U.S.C. § 515

/s/
_____
ADAM A. REEVES
Assistant United States Attorney

United States' Sentencing Memorandum,
*United States v. Reyes*, CR 06-0556 (CRB)